**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SYED A. ALI | ) | |
| | ) | |
| PLAINTIFF, | ) | Case no.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | <u>Jury Demanded</u> |
| and | ) | |
| BLITT & GAINES, P.C., | ) | |
| and | ) | |
| FREEDMAN ANSELMO LINDBERG, LLC | ) | |
| n/k/a ANSELMO LINDBERG OLIVER, LLC | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff, Syed A. Ali, brings this action to secure redress for relief against

Defendants Portfolio Recovery Associates, LLC, Blitt & Gaines, P.C., and Freedman

Anselmo Lindberg, LLC now known as Anselmo Lindberg Oliver, LLC. Plaintiff alleges

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Fair

Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Illinois Collection Agency Act,

225 ILCS 425/ *et seq*.

## VENUE AND JURISDICTION

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. §

1681p, 28 U.S.C. § 1331, and supplementary jurisdiction under 28 U.S.C. § 1367.

2.      Venue in this District is proper as to Defendant Portfolio Recovery

Associates, LLC because Defendant transacts business here and the debt collection

activity upon which this Complaint is based was performed here.

3.      Venue in this District is proper as to Defendant Blitt & Gaines, P.C. because Defendant transacts substantial business here, maintains an office here, and the debt collection activity upon which this Complaint is based was performed here.

4.      Venue in this District is proper as to Defendant Freedman Anselmo Lindberg, LLC n/k/a Anselmo Lindberg Oliver, LLC, because Defendant transacts substantial business here, maintains an office here, and the debt collection activity upon which this Complaint is based was performed here.

## PARTIES

5.      Plaintiff, Syed A. Ali, ("Mr. Ali") is a natural person and resident of DuPage County, Illinois, from whom Portfolio Recovery Associates, LLC, Blitt & Gaines, P.C., and Freedman Anselmo Lindberg, LLC n/k/a Anselmo Lindberg Oliver, LLC (collectively "Defendants") attempted to collect a delinquent debt allegedly owed for a defaulted GE Money Bank, F.S.B. account. Mr. Ali is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act ("FDCPA").

6.      Defendant, Portfolio Recovery Associates, LLC ("PRA") is a Delaware corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.

7.      PRA is licensed as a collection agency in the State of Illinois. (Exhibit A, Record from the Illinois Department of Financial and Professional Regulation).

8.      Defendant Blitt & Gaines, P.C. ("Blitt"), is an Illinois law firm that acts as a debt collector as defined by § 1692a(6) of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted

consumer debts. Blitt does or transacts business in Illinois. Blitt's principal offices and registered agent is located at 661 Glenn Avenue, Wheeling, IL 60090. (Exhibit B, Blitt record from Illinois Secretary of State).

9.      In 2015, Defendant Blitt filed over 1000 debt collection lawsuits in Cook County, Illinois, to collect defaulted consumer debts.

10.     Defendant Freedman Anselmo Lindberg, LLC n/k/a Anselmo Lindberg Oliver, LLC ("Freedman"), is an Illinois law firm that acts as a debt collector as defined by § 1692a(6) of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Freedman does or transacts business in Illinois. Freedman's principal offices and registered agent is located at 1771 W. Diehl Rd., Naperville, IL 60563. (Exhibit C, Freedman record from Illinois Secretary of State).

11.     In 2015, Defendant Freedman filed over 1000 debt collection lawsuits in Cook County, Illinois, to collect defaulted consumer debts.

12.     In February 2015, Blitt and Freedman's collections practices merged and now operate under Blitt's name. (Exhibit D, screen capture from Blitt's website, p. 2).

## FACTS

13.     According to PRA, Mr. Ali incurred a debt for the purchase of goods or services used for personal, family, or household purposes, originally for a GE Money Bank, F.S.B. credit account associated with an account ending in 8916 ("alleged debt") . The alleged debt is thus a debt as that term is defined by § 1692a(5) of the FDCPA.

14.     According to PRA, it purchased the alleged debt on March 25, 2011.

15.     Thereafter, PRA hired Freedman, and subsequently Blitt, to collect the alleged debt.

16.     Freedman and Blitt were authorized to attempt to collect the alleged debt on behalf of PRA.

17.     At all times relevant to this Complaint, PRA authorized, directed and ratified Freedman's actions taken in connection with the collection of the alleged debt from Mr. Ali.

18.     Freedman acted in a representative capacity on behalf of PRA.

19.     Freedman's employees or representatives were acting at the control and direction of PRA, which is vicariously liable for the actions of Freedman's employees and/or representatives.

20.     At all times relevant to this Complaint, PRA authorized, directed and ratified Blitt's actions taken in connection with the collection of the alleged debt from Mr. Ali.

21.     Blitt acted in a representative capacity on behalf of PRA.

22.     Blitt's employees or representatives were acting at the control and direction of PRA, which is vicariously liable for the actions of Blitt's employees and/or representatives.

23.     On or around July 15, 2014, Freedman caused to be mailed a letter to Mr. Ali in connection with the collection of the alleged debt. (Exhibit E, July 15, 2014, Letter from Freedman).

24.     The letter is a communication as that term is defined by § 1692a(2) of the FDCPA.

25.     In its letter, Freedman stated Mr. Ali owes $1331.13 to PRA. (Exhibit E, July 15, 2014, Letter from Freedman).

26.     In its letter, Freedman stated the original creditor of the alleged debt is GE Money Bank, F.S.B. (Exhibit E, July 15, 2014, Letter from Freedman).

27.     In fact, Mr. Ali does not owe PRA any money with respect to an account number ending 8961, and did not owe any money with respect to said account when the letter was mailed.

28.     On August 29, 2014, and again on October 22, 2014, PRA accessed Mr. Ali's TransUnion credit report. TransUnion is a national credit reporting agency. (Exhibit F, Excerpt of Plaintiff's TransUnion credit report).

29.     Mr. Ali never permitted PRA to access his TransUnion credit reports on the dates stated, or any other time.

30.     PRA did not have a permissible purpose for making the August 29, 2014, inquiry into Mr. Ali's TransUnion Credit Report.

31.     PRA did not have a permissible purpose for making the October 22, 2014, inquiry into Mr. Ali's TransUnion Credit Report.

32.     Mr. Ali's TransUnion credit report contains his Social Security number and date of birth.

33.     Mr. Ali's Social Security number and date of birth contained in his TransUnion credit reports do not match the Social Security number and date of birth of the debtor PRA has associated with the account for the alleged debt.

34. On November 2, 2014, November 27, 2014, and November 30, 2014, PRA accessed Mr. Ali's Experian credit report. Experian is a national credit reporting agency. (Exhibit G, Excerpt of Plaintiff's Experian credit report).

35. Mr. Ali never permitted PRA to access his Experian credit reports on the dates stated, or at any other time.

36. PRA did not have a permissible purpose for making the November 2, 2014, inquiry into Mr. Ali's Experian credit report.

37. PRA did not have a permissible purpose for making the November 27, 2014, inquiry into Mr. Ali's Experian credit report.

38. PRA did not have a permissible purpose for making the November 30, 2014, inquiry into Mr. Ali's Experian credit report.

39. Mr. Ali's Experian credit report contains his Social Security number and date of birth.

40. Mr. Ali's Social Security number and date of birth contained in his Experian credit reports do not match the Social Security number and date of birth of the debtor PRA has associated with the account for the alleged debt.

41. PRA continued to attempt to collect the debt from Mr. Ali despite the fact the alleged debt was not his.

42. On December 1, 2014, one day after it last accessed Mr. Ali's Experian credit report, PRA filed a lawsuit against Mr. Ali in an attempt to collect the alleged debt. PRA's complaint was styled as *Portfolio Recovery Associates, LLC v. Syed Ali*, case # 2014 SC 005778 in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois ("State Action"). (Exhibit H, State Action, summons, complaint and affidavit).

43.     Defendant Freedman was counsel for PRA in the State Action.

44.     On December 13, 2014, Mr. Ali was served in the State Action.

45.     Defendant PRA identified Mr. Ali as the person it intended to bring the action against by identifying him by name and listing his home address in the body of its complaint in the State Action. (Exhibit H, State Action, complaint).

46.     In its State Action complaint, PRA represented the original creditor to be "GE MONEY BANK, F.S.B." (Exhibit H, State Action, complaint).

47.     In its sworn affidavit attached to the State Action complaint, PRA represented the original creditor to be "GE MONEY BANK/CARE CREDIT". (Exhibit H, State Action, affidavit).

48.     PRA misrepresented the original creditor in its State Action as there can only be one original creditor, though PRA misrepresented that there were two.

49.     In the State Action against Mr. Ali, PRA made the following misrepresentations in its complaint:

- that Mr. Ali "…is/are indebted to the plaintiff(s) in the sum of $1331.13 as of November 4, 2014…";

- there was an agreement between Mr. Ali and GE Money Bank, F.S.B.;

- credit was opened by Mr. Ali on July 15, 2010 with GE Money Bank, F.S.B.;

- on July 15, 2010, an agreement was created between Mr. Ali and GE Money Bank, F.S.B.;

- Mr. Ali breached the agreement;

- Mr. Ali originally owed $1331.13 to GE Money Bank, F.S.B.; and

- Mr. Ali now owed $1331.13 plus the costs of the State Action to PRA.

    (Exhibit H, State Action, complaint).

7

50.     In its State Action against Mr. Ali, PRA made the following misrepresentations in its sworn affidavit:

- that the amount of $1331.13 was due and payable from Mr. Ali to GE Money Bank, F.S.B. as of March 7, 2011;

- Mr. Ali maintained an account with GE Money Bank, F.S.B. ending in 8916;

- Mr. Ali owes PRA the sum of $1331.13 as of September 2, 2014, the date of the affidavit.

    (Exhibit H, State Action, affidavit).

51.     Section 1692e of the FDCPA provides as follows:

**§ 1692e.  False or misleading misrepresentations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(2)  The false representation of—**
**(A)  the character, amount, or legal status of any debt; or**
**(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
**…**
**(5)  The threat to take any action that cannot legally be taken or that is not intended to be taken.**
**…**
**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

52.     PRA violated §§ 1692e, e(2)(A), e(2)(B), e(5), and e(10) of the FDCPA when it made false, deceptive, or misleading representations in the connection with the collection of a debt.

53. Specifically, PRA violated § 1692e of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint and affidavit identified in ¶¶ 49-50 *supra*.

54. PRA violated § 1692e(2)(A) of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint, thereby falsely representing the character, amount, or legal status of the debt as Mr. Ali did not owe the debt and PRA could not legally collect the debt or costs of the State Action from Mr. Ali.

55. PRA violated § 1692e(2)(B) of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint that the services rendered or compensation, specifically the costs of the State Action, may be lawfully received by it for the collection of the alleged debt.

56. PRA violated § 1692 e(5) when it threatened, in its State Action complaint, to obtain judgment against Mr. Ali for the alleged debt, that could not legally be sought or obtained.

57. PRA violated § 1692 e(5) when it threatened to take legal action by obtaining a judgment against Mr. Ali for the costs of the State Action, that could not legally be sought or obtained.

58. PRA violated § 1692 e(10) when it made false, deceptive, or misleading representations in the State Action that Mr. Ali was liable for the alleged debt.

59. PRA violated §1692e(10) by using false representations or deceptive means to collect a debt by misrepresenting that he owed a balance in its State Action complaint in an attempt to collect the debt from Mr. Ali, when it knew or should have known he did not owe the debt.

60.     Mr. Ali retained and paid counsel to defend him in the State Action as well as paid an appearance fee of $145.00.

61.     On January 8, 2015, Mr. Ali's counsel, prior to a hearing in the State Action scheduled for that same day, notified PRA's counsel, Freedman, that Mr. Ali did not owe the alleged debt to PRA or GE Money Bank, F.S.B.

62.     Specifically, on January 8, 2015, Mr. Ali's counsel, Rob Harrer ("Mr. Harrer"), provided PRA's counsel, Melissa Herrera ("Ms. Herrera") of Freedman, with the last four digits of Mr. Ali's Social Security number and his date of birth.

63.     On January 8, 2015, Ms. Herrera told Mr. Harrer she would contact PRA to investigate and contact Mr. Harrer with the results of the investigation within two or three weeks.

64.     Soon thereafter, Freedman and Blitt merged their collection practices. (Exhibit D, screen capture from Blitt's website, p. 2).

65.     Freedman and/or Blitt did investigate with PRA as to whether Mr. Ali's Social Security number and/or date of birth matched that of the debtor in PRA's records.

66.     Freedman and /or Blitt did not contact Mr. Ali's counsel with the results of their investigation.

67.     Freedman and Blitt did not respond to Mr. Ali's counsel's letters and phone calls attempting to contact them to resolve the issue of the falsely alleged debt.

68.     Instead, PRA, Freedman, and Blitt nonetheless continued to attempt to collect the alleged debt by continuing the State Action litigation against Mr. Ali.

69. On March 5, 2015, immediately prior to a status hearing in the State Action scheduled for that day, Mr. Ali's counsel conferred with PRA's counsel, which was now Blitt.

70. PRA's counsel requested at that time that Mr. Ali fill out an ID Theft Affidavit which Mr. Ali's counsel refused as Mr. Ali had not alleged ID theft.

71. In fact, at no time had Mr. Ali or his counsel ever alleged to PRA, Freedman, Blitt or any other person or entity that his identity had been stolen.

72. On March 5, 2015, Mr. Ali's counsel asked PRA's counsel, David Gordon ("Mr. Gordon"), if Mr. Ali's Social Security number and date of birth matched those in PRA's records for the alleged debt.

73. In response, PRA's Mr. Gordon acknowledged that the Social Security number of the debtor of the alleged debt that was the subject of the state Action did not match Mr. Ali's Social Security number.

74. At the hearing held that same day, March 5, 2015, Blitt was granted leave to substitute as counsel for PRA, Freedman's appearance was withdrawn and PRA voluntarily quashed service against Mr. Ali. (Exhibit I, March 5, 2015, Order in State Action).

75. Despite quashing service against Mr. Ali, and acknowledging that Mr. Ali did not owe the debt, PRA and Blitt continued the State Action litigation against Mr. Ali.

76. At no time did PRA seek to amend its State Action and remove Mr. Ali as the named defendant.

77. On or February 23, 2015, approximately eleven days before a March 8, 2015, status hearing with the court in the State Action, Blitt drafted a letter, in connection

with the debt, to Mr. Ali's counsel, Mr. Harrer. (Exhibit J, February 23, 2015, letter from Blitt and Identity Theft and Complaint Affidavit).

78.     Inexplicably, the letter, and accompanying Identity Theft Victim's Complaint and Affidavit was not mailed until March 12, 2015, about two and a half weeks after the date, on its face, of February 23, 2015. (Exhibit J, February 23, 2015, letter from Blitt and envelope).

79.     The letter is a communication as defined in § 1692(a) of the FDCPA.

80.     The letter was in reference to the alleged debt that was the subject of the State Action against Mr. Ali.

81.     The letter states in relevant part;

**"Please be advised that our firm is in receipt of your fraud claim. In order for our client to properly process this claim we are requesting that your [sic] provide our office with a copy of a Police Report (if one was filed) and or a Notarized Affidavit of Fraud. An Affidavit of Fraud template is attached to this letter."**

(Exhibit J, February 23, 2015, letter from Blitt and Identity Theft and Complaint Affidavit).

82.     Contrary to the language in the letter, at no time did Mr. Ali or his counsel make a claim of fraud or identity theft, file or otherwise communicate a fraud claim to Freedman, Blitt or PRA in relation to the alleged debt at issue.

83.     At no time did Mr. Ali or his counsel communicate to PRA, Freedman or Blitt a claim that his identity had been stolen.

84.     At no time did Mr. Ali or his counsel send or communicate to Blitt or PRA a "fraud claim".

85.     An "Affidavit of Fraud template" was not attached to the letter as indicated. Instead a document titled "Identity Theft Victim's Complaint and Affidavit"

12

was attached. (Exhibit J, February 23, 2015, letter from Blitt and Identity Theft and Complaint Affidavit).

86.    The "Identity Theft Victim's Complaint and Affidavit" requested sensitive personal information including, but not limited to, Mr. Ali's: full legal name, date of birth, full Social Security number, driver's license state and number, account numbers and routing numbers, "copy of a valid government-issued photo identification card (for example, my driver's license, state-issued ID card, or my passport)," address, how long he lived at the address, daytime and evening phone numbers, and email address.

87.    Section 1692e(10) provides as follows:

**§ 1692e.  False or misleading misrepresentations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

88.    Blitt and PRA violated § 1692e(10) when it used a false representation in its February 23, 2014, letter that Mr. Ali or his counsel had made a fraud claim to Blitt, and attached a document other than what the letter claimed it to be, and directed Mr. Ali to complete said document with his sensitive personal information, and return to it to Blitt.

89.    On February 23, 2015, the date of the letter, PRA and Blitt knew that Mr. Ali did not owe the alleged debt.

90.    On March 12, 2015, the date the letter and Identity Theft and Complaint Affidavit were mailed, PRA and Blitt knew that Mr. Ali did not owe the alleged debt.

13

91.     Approximately four months after PRA's counsel acknowledged that Mr. Ali's Social Security number differed from that of the proper debtor in the State Action, and therefore Mr. Ali was not the proper defendant in the case, PRA and Blitt continued to name Mr. Ali as the named defendant in the State Action, identified by his name and home address in the complaint.

92.     Mr. Ali was upset, angry, worried and confused to find out that in late June 2015, the State Action was still pending against him. Mr. Ali was extremely disturbed that a judgment could be potentially entered against him due to the filing and continued litigation of the State Action against him.

93.     On June 30, 2015, Mr. Harrer checked the DuPage County electronic docket where the case was listed as "Active".

94.     On that same date, Mr. Harrer sent a letter, on Mr. Ali's behalf, to Blitt asking it to dismiss the case against Mr. Ali with prejudice. (Exhibit K, June 30, 2015 letter to Blitt).

95.     Mr. Harrer was later informed that the court had dismissed the State Action without prejudice on June 29, 2015. (Exhibit L, Screen capture of DuPage County electronic docket).

96.     Mr. Ali suffered actual damages as the result of Defendants' actions, including financial damages and emotional distress.

97.     PRA is liable for the acts and omissions of Freedman and Blitt, committed in connection with efforts to collect the alleged debt from Mr. Ali. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

98. Defendants' collection communications and activities are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* – PRA

99. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

100. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant PRA violated the FDCPA, 15 U.S.C. § 1692 *et seq.* in one or more of the following ways:

a) PRA violated 15 U.S.C. § 1692d when it filed the State Action against Mr. Ali in an attempt to collect a debt when it knew or should have known that Mr. Ali did not owe the debt, the natural consequence of which was to harass, oppress, or abuse Mr. Ali;

b) PRA violated 15 U.S.C. § 1692d when it continued to litigate the State Action against Mr. Ali in an attempt to collect a debt after it knew or should have known that Mr. Ali did not owe the debt, the natural consequence of which was to harass, oppress, or abuse Mr. Ali;

c) PRA violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Ali is indebted to PRA for the amount of $1331.13 as of November 4, 2014, when no such indebtedness existed;

d) PRA violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that the original creditor was GE Money Bank, F.S.B. and alternately representing that the original creditor was GE Money Bank/Care Credit in its affidavit attached to its State Action complaint;

e) PRA violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint communicating that Mr. Ali opened a credit account with GE Money Bank, F.S.B. on July 15, 2010, when he had not opened the account;

f)    PRA violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that there was an agreement between Mr. Ali and GE Money Bank, F.S.B. created on July 15, 2010, when no agreement had been made;

g)    PRA violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Ali breached the alleged agreement when no agreement existed;

h)    PRA violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Ali owed $1331.13 to GE Money Bank, F.S.B. as of March 7, 2011, when he did not;

i)    PRA violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Ali owed $1331.13 to PRA when he did not;

j)    PRA violated 15 U.S.C. § 1692e when, through its counsel Blitt, it represented that Mr. Ali submitted a fraud claim when he had not, thereby making a false, misleading or deceptive representation in connection with the collection of the debt;

k)    PRA violated 15 U.S.C. § 1692e(2)(A) when, in the State Action complaint, it falsely represented the character, amount, or legal status of the debt;

l)    PRA violated 15 U.S.C. § 1692e(2)(A) when, in the State Action affidavit, it falsely represented the character, amount, or legal status of the debt;

m)    PRA violated 15 U.S.C. § 1692e(2)(B) when, in the State Action complaint, it falsely represented that the services rendered or compensation, specifically the costs of the State Action, may be lawfully received by it for the collection of the alleged debt;

n)    PRA violated § 1692 e(5) when it made false, deceptive, or misleading representations in the State Action complaint, thereby threatening to take legal action, by obtaining an judgment against Mr. Ali for the alleged debt, that could not legally be taken;

o) PRA violated § 1692 e(5) when it made false, deceptive, or misleading representations in the State Action complaint, thereby threatening to take legal action, by obtaining an judgment against Mr. Ali for the costs of the State Action, that could not legally be taken;

p) PRA violated 15 U.S.C. § 1692e(10) when it falsely or deceptively represented Mr. Ali had made a fraud claim in an attempt to obtain information concerning Mr. Ali;

q) PRA violated § 1692 e(10) when it made false, deceptive, or misleading representations in the State Action that Mr. Ali was liable for the alleged debt;

r) PRA violated §1692e(10) by using false representations or deceptive means to collect a debt by filing the State Action in an attempt to collect the debt from Mr. Ali when it knew or should have known he did not owe the debt;

s) PRA violated 15 U.S.C. § 1692f when its agent, Freedman, in its July 15, 2014 letter, attempted to collect a debt from Plaintiff that he did not owe, thereby using unfair or unconscionable means in an attempt to collect a debt.

t) PRA violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt when it filed its State Action against Mr. Ali when it knew or should have known he did not owe the debt at issue in the Action;

u) PRA violated 15 U.S.C. § 1692f when it continued to litigate the State Action against Mr. Ali after it knew he did not owe the debt at issue in the State Action;

v) PRA violated 15 U.S.C. § 1692f when it accessed Plaintiff's TransUnion credit report on August 29, 2014, without a permissible purpose, thereby using unfair or unconscionable means in an attempt to collect the debt;

w) PRA violated 15 U.S.C. § 1692f when it accessed Plaintiff's TransUnion credit report on October 22, 2014, without a permissible purpose, thereby using unfair or unconscionable means in an attempt to collect the debt;

x) PRA violated 15 U.S.C. § 1692f when it accessed Plaintiff's Experian credit report on November 2, 2014, without a permissible

purpose, thereby using unfair or unconscionable means in an attempt to collect the debt;

y) PRA violated 15 U.S.C. § 1692f when it accessed Plaintiff's Experian credit report on November 27, 2014, without a permissible purpose, thereby using unfair or unconscionable means in an attempt to collect the debt;

z) PRA violated 15 U.S.C. § 1692f when it accessed Plaintiff's Experian credit report on November 30, 2014, without a permissible purpose, thereby using unfair or unconscionable means in an attempt to collect the debt;

aa) PRA violated 15 U.S.C. § 1692f(1) when it attempted to collect $1331.13 from Plaintiff, an amount not authorized by agreement or permitted by law;

bb) PRA violated 15 U.S.C. § 1692f(1) when it attempted to collect the costs of bringing the State Action when such amount was not authorized by agreement or permitted by law.

101. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

<u>REQUEST FOR RELIEF—FDCPA—PRA</u>

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant PRA, for the following:

a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Such other or further relief as this Court deems proper.

## COUNT II—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. – BLITT

102.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing

paragraphs.

103.    In its attempts to collect the debt allegedly owed by Plaintiff, Defendant

Blitt violated the FDCPA, 15 U.S.C. § 1692 *et seq*. in one or more of the following ways:

a)  Blitt violated 15 U.S.C. § 1692d when it continued to litigate the State Action against Mr. Ali in an attempt to collect a debt after it knew or should have known that Mr. Ali did not owe the debt, the natural consequence of which is to harass, oppress, or abuse Mr. Ali;

b)  Blitt violated 15 U.S.C. § 1692e when it represented that Mr. Ali submitted a fraud claim when he had not, thereby making a false, misleading or deceptive representation in connection with the collection of the debt;

c)  Blitt violated 15 U.S.C. § 1692e(2)(A) when it falsely represented the character, amount or legal status of a debt by continuing to litigate the State Action against Mr. Ali  when it knew he was not the debtor of the debt at issue in that Action;

d)  Blitt violated 15 U.S.C. § 1692e(2)(B) when it made false, deceptive, or misleading representations in the State Action complaint that the services rendered or compensation, specifically the costs of the State Action, may be lawfully received for the collection of the alleged debt;

e)  Blitt violated 15 U.S.C. § 1692e(10) when, in its February 23, 2015, letter to Mr. Ali's counsel, falsely or deceptively represented Mr. Ali, had made a fraud claim and Blitt attempted to obtain information concerning Mr. Ali when neither he, nor his counsel, had made a fraud claim;

f)  Blitt violated 15 U.S.C. § 1692f when it continued to litigate the State Action against Mr. Ali after it knew he was not the debtor of the debt that was the subject of the State Action, thereby using unfair or unconscionable means in an attempt to collect a debt;

g)  Blitt violated 15 U.S.C. § 1692f(1) when it attempted to collect $1331.13 from Mr. Ali, by filing the State Action against him, an amount not expressly authorized by agreement or permitted by law;

h) Blitt violated 15 U.S.C. § 1692f(1) when it attempted to collect the costs of bringing the State Action, an amount not expressly authorized by agreement or permitted by law.

104.    As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

### REQUEST FOR RELIEF—FDCPA—BLITT

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant Blitt, for the following:

a.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b.      Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

c.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Such other or further relief as this Court deems proper.

### COUNT III—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* – FREEDMAN

105.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

106.    In its attempts to collect the debt allegedly owed by Plaintiff, Defendant Freedman violated the FDCPA, 15 U.S.C. § 1692 *et seq.* in one or more of the following ways:

a) Freedman violated 15 U.S.C. § 1692d when it filed the State Action against Mr. Ali attempting to collect a debt from him that it knew or should have known he did not owe, the natural consequence of which was to harass, oppress, or abuse Mr. Ali;

b) Freedman violated 15 U.S.C. § 1692d when it continued to litigate the State Action against Mr. Ali after it knew or should have known he did not owe the

debt, the natural consequence of which was to harass, oppress, or abuse Mr. Ali;

c) Freedman violated 15 U.S.C. § 1692e in its July 15, 2015 letter to Mr. Ali attempting to collect a debt from him that he did not owe, thereby using false, deceptive or misleading representation in connection with the collection of a debt;

d) Freedman violated 15 U.S.C. § 1692e(2)(A) when it filed the State Action against Mr. Ali, falsely representing the character, amount, or legal status of the debt;

e) Freedman violated 15 U.S.C. § 1692e(2)(A) when it filed the State Action against Mr. Ali, falsely representing the character, amount, or legal status of the costs of bringing the State Action as such costs could not legally be collected;

f) Freedman violated 15 U.S.C. § 1692f when it filed the State Action against Mr. Ali, when it knew or should have known that he did not owe the debt, thereby using unfair or unconscionable means in an attempt to collect a debt;

g) Freedman violated 15 U.S.C. § 1692f when it continued to litigate the State Action against Mr. Ali after it knew he was not the debtor of the debt that was the subject of the State Action, thereby using unfair or unconscionable means in an attempt to collect a debt;

h) Freedman violated 15 U.S.C. § 1692f when it used unfair or unconscionable means by continuing to litigate the State Action against Mr. Ali, in an attempt to collect the costs of bringing the Action, after it knew that he did not owe the debt and therefore there was no legal basis for the State Action;

i) Freedman violated 15 U.S.C. § 1692f(1) when, in its July 15, 2014, letter, it attempted to collect the debt, an amount not authorized by an agreement creating the debt or permitted by law;

j) Freedman violated 15 U.S.C. § 1692f(1) when it filed the State Action against Mr. Ali in an attempt to collect $1331.13, an amount not authorized by agreement or permitted by law;

k) Freedman violated 15 U.S.C. § 1692f(1) when it filed the State Action against Mr. Ali and attempted to collect the costs of bringing the State Action, an amount not authorized by agreement or permitted by law;

l) Freedman violated 15 U.S.C. § 1692e(10) when it falsely represented, in its letter dated July 15, 2015, that Mr. Ali owed the alleged debt to PRA when he did not owe the debt.

107.    As a result of Defendant's actions, Plaintiff is entitled to an award of

actual damages, statutory damages, costs and reasonable attorney fees.

REQUEST FOR RELIEF—FDCPA—FREEDMAN

WHEREFORE, Plaintiff requests that judgment be entered in his favor

against the Defendant Freedman, for the following:

a.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b.    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

c.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d.    Such other or further relief as this Court deems proper.

**COUNT IV—VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.* – PRA**
**Knowingly Obtaining a Consumer Report Without a Permissible Purpose**

108.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing

paragraphs.

109.    Defendant PRA illegally obtained Mr. Ali's credit report at least five times

during 2014.

110.    Defendant PRA illegally obtained Mr. Ali's credit report from TransUnion

on August 29, 2014 and October 22, 2014. (Exhibit F, excerpt of TransUnion

credit report).

111.    Defendant PRA has illegally obtained Mr. Ali's credit report from

Experian on November 2, 2014, November 27, 2014, and November 30, 2014.

(Exhibit G, excerpt of Experian credit report).

112.      Mr. Ali never permitted PRA to pull his credit report from TransUnion, Experian or any other credit reporting agency.

113.      PRA did not have a permissible purpose for making any of the inquiries and did so without Mr. Ali's consent.

114.      PRA acted knowingly in requesting and obtaining Mr. Ali's credit reports from TransUnion and Experian without a permissible purpose and did so without Mr. Ali's consent.

115.      PRA'S conduct in knowingly obtaining Mr. Ali's credit report without a permissible purpose violated 15 U.S.C. § 1681b(f).

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant PRA as follows:

a.      Pursuant to 15 U.S.C. § 1681n(a)(1)(A), award him actual damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

b.      Pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as this Court deems appropriate;

c.      Pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

d.      Such other or further relief as the court deems just and proper.

## COUNT V—VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.* – PRA
## Willfully Obtaining a Consumer Report Without a Permissible Purpose

116.      Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

117.     PRA acted willfully in requesting and obtaining Mr. Ali's credit reports from TransUnion and Experian without a permissible purpose and did so without Mr. Ali's consent.

118.     PRA's conduct in willfully obtaining Mr. Ali's credit report without a permissible purpose violated 15 U.S.C. § 1681b(f).

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant PRA as follows:

a.     Pursuant to 15 U.S.C. § 1681n(a)(1)(A), award him actual damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

b.     Pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as this Court deems appropriate;

c.     Pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

d.     Such other or further relief as the court deems just and proper.

## COUNT VI—ILLINOIS COLLECTION AGENCY ACT

119.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

120.     PRA is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/2 *et seq*.

121.     PRA holds an Illinois Collection Agency License. (Exhibit A, Record from the Illinois Department of Financial and Professional Regulation).

122.     PRA violated the following provisions of the 225 ILCS 425/9(a):
**...**
**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

24

…

**(26) Misrepresenting the amount of the claim or debt alleged to be owed.**

…

**(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt.**

…

**(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement.**

…

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

…

123.     A private right of action exists for violation of the ICAA against

Defendant. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist.

1979).

124.     Plaintiff suffered actual damages as a result of PRA's actions, including

loss of time and money by having to hire an attorney, and for having to file and

pay for attorney fees and costs in the State Action, including but not limited to the

payment of an appearance fee in the State Action.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and

against Defendant PRA as follows:

a.   Compensatory damages;

b.   Punitive damages;

c.   Costs; and

d.   Such other or further relief as this Court deems proper.

Respectfully Submitted,

By: /s/ M. Kris Kasalo

## JURY DEMAND

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**    By:  s/ Mario Kris Kasalo
20 North Clark Street, Suite 3100            Mario Kris Kasalo
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

**The Law Office of Robert W. Harrer, P.C.**
208 South Jefferson Street, Suite 204
Chicago, Illinois 60661
tele 312.600.8466
fax 312.610.5646
rob.harrer@harrerlaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.