# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SYED ALI, | ) |
| Plaintiff, | ) |
| v. | ) Consol. Case No.: 15-cv-06178 |
| | ) Judge Sharon Johnson Coleman |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, ASSOCIATES, LLC and BLITT & GAINES, P.C. and FREEDMAN ANSELMO LINDBERG, LLC n/k/a ANSELMO LINDBERG OLIVER, LLC | ) |
| Defendants. | ) |
| YASMEEN ALI, as natural parent and best friend of SHA, a minor, | ) |
| Plaintiff, | ) |
| v. | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and SANJAY S. JUTLA, and KEVIN J. EGAN, | ) |
| Defendants. | ) |
| SYED A. ALI, | ) |
| Plaintiff, | ) |
| v. | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and KEVIN J. EGAN, | ) |
| Defendants. | ) |
| SYED A. ALI, | ) |
| Plaintiff, | ) |
| v. | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Syed A. Ali and Yasmeen Ali, as natural parents and next friend of SHA[1] ("SHA"), a minor, filed a nine Count Consolidated Amended Complaint [127], alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 *et seq.*, against Defendants, Portfolio Recovery Associates, LLC ("Portfolio"), Sanjay S. Jutla, and Kevin J. Egan, (collectively, "Defendants"). SHA and Defendants filed cross-motions for summary judgment as to Counts VI, VII, and VIII [170, 182]. For the reasons to follow, SHA's motion is denied. Defendants' motion is denied in part and granted in part.

**Background**

The facts to follow are undisputed unless otherwise noted. SHA is the minor son of Syed A. Ali and Yasmeen Ali, all of whom reside in Aurora, Illinois. Portfolio is licensed as a collections agency in Illinois, and in certain circumstances, it has acted as a "debt collector" as defined under the FDCPA because it buys debts and regularly collected on defaulted consumer debts. Portfolio disputes that it collects consumer accounts exclusively. Jutla and Egan are Illinois attorneys who work for Portfolio and, in certain circumstances, collect upon consumer accounts on behalf of Portfolio.

On September 27, 2017, Portfolio purchased a debt of $1750.57 on an account ("7779 Account"). The debtor associated with the 7779 Account is "Syed H. Ali" ("Debtor"), who was born in 1972 and had a social security number ending in "8783." The mailing address used to open the account was in Moore, Texas. The parties dispute whether the 7779 Account is a consumer debt applicable under FDCPA.

---

[1] This opinion only addresses the claims brought specifically on behalf of SHA against Defendants, Portfolio, Egan, and Jutla, as opposed to the companion opinion addressing Syed A. Ali's claims.

2

In October 2011, Portfolio sent a collections letter to the Debtor at the address in Moore, Texas. It was returned as undeliverable. Portfolio sent two more letters to an address associated with the Debtor in Houston, Texas. The second letter was returned with the message "MOVE, NO FORWARD." Portfolio subsequently obtained an Aurora, Illinois address for the Debtor from Experian and an internal legal source. The Aurora, Illinois address was listed in Portfolio's file as "active" for the Debtor on September 6, 2013. SHA disputes that it was an active address for the Debtor. Upon obtaining the Aurora, Illinois address, Portfolio sent three additional collection letters in January, March and April of 2014 to that address. None were returned. In March of 2013, Account 7779 was placed in "legal collections" with Portfolio's in-house counsel.

Before approving collections litigation, Portfolio's attorneys review each account to confirm that it is within the statute of limitations; that the account is not in a dispute or bankruptcy status; that the debtor is not a minor, over 65 or a military service member on active duty status; and that the account is not in an active pay status. SHA disputes that these steps were taken with respect to the 7779 Account or that they were reasonable procedures to avoid FDCPA violations.

Portfolio, through its attorneys Egan and Jutla, commenced a collections suit against the Debtor on December 24, 2015, ("7779 State Action") seeking to recover $1,750.57. SHA disputes that the action was against Debtor since no social security number or date of birth were listed in the complaint. Portfolio maintains that it did not attempt to collect the 7779 Account from SHA, the minor child of Syed and Yasmeen Ali, or any individual other than the named Debtor. The complaint contained a "Verification by Certification" statement, in which Egan certified that the statements set forth in the instrument were true. The sheriff's affidavit indicated that personal service was executed on January 15, 2015 upon the named defendant, the Debtor, after five unsuccessful attempts. SHA disputes the recipient of service, contending that the 7779 State Action summons was served upon his father, Syed Asad Ali, and not the Debtor.

Syed A. Ali retained an attorney to represent SHA in the 7779 State Action. On January 28, 2015, the day before the initial status hearing for the 7779 State Action, SHA's attorney telephoned Egan to discuss the lawsuit. Egan provided SHA's attorney with the Debtor's year of birth, as well as the last four digits of the Debtor's social security number. Neither matched SHA's information. SHA's attorney indicated that he would provide Egan with an affidavit confirming his client's information. Portfolio's account notes from January 28, 2015, reflect these communications. During a conversation following the hearing, SHA's attorney testified that Egan inquired about whether SHA's father, Syed A. Ali, could have opened the account for himself. Egan denies ever making this statement. The next day Portfolio voluntarily dismissed the collection lawsuit filed on the 7779 Account against SHA with prejudice. SHA's attorney never filed an appearance in the 7779 State Action.

**Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also* Fed. R. Civ. P. 56(c). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and if done, judgment as a matter of law should be granted in its favor. *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence that there is a genuine issue of material fact to survive summary judgment. *Roger Whitmore's Auto Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). "A genuine issue of material fact arises only if sufficient evidence favoring

4

the nonmoving party exists to permit a jury to return a verdict for that party." *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008)(citation omitted). On cross-motions for summary judgment, the Court assesses whether each movant has satisfied the requirements of Rule 56. *See Cont'l Cas. Co. v. Nw. Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005).

**Discussion**

SHA moves for summary judgment in his favor on Counts VI, VII, and VIII of the Consolidated Amended Complaint. Defendant filed cross motions for summary judgment on those Counts.

I. *Counts VI*

SHA moves for summary judgment as to Count VI, alleging violations of Sections 1692e, 1692d, and 1692f, against all defendants. SHA contends that the undisputed facts prove that all Defendants violated the FDCPA by attempting to collect the debt on the 7779 Account from SHA and by subsequently filing a collection suit against him. Defendants argue that they are entitled to summary judgment on the Section 1692e claims because, even if their conduct was an FDCPA violation, the alleged conduct was the result of a *bona fide error*. *See* 15 U.S.C. § 1692k(c). This Court finds that there are issues of material fact on Count VI and defendants have not established their defense as a matter of law.

  A. *Section 1692e*

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). SHA must first establish that the FDCPA applies to the Debt in question. He must show that: 1) he is a "consumer"; 2) each defendant is a "debt collector"; 3) Account 7779 was a "consumer debt" as defined by FDCPA; and 4) defendants violated some provision of the act. *See* 15 U.S.C. § 1692; *Pantoja v. Portfolio Recovery Assocs., LLC*, 78 F. Supp. 3d 743, 745 (N.D. Ill. 2015)(Gettleman, J.).

5

The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). In other words, the FDCPA solely protects obligations involving consumer debt. To determine whether the obligation in question is a consumer debt, courts look at the transaction out of which the obligation arose. *Vasilakos v. Blitt & Gaines, P.C.*, No. 12 C 5526, 2013 U.S. Dist. LEXIS 112228, at *6 (N.D. Ill. Aug. 8, 2013)(Kennelly, J.)(citing *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000)).

Here, factual issues abound. First, SHA affirms that he did not have any personal knowledge of the transactions underlying the 7779 Account debt. Defendants also have not offered evidence of what type of underlying transaction generated the Debt. Second, defendants' status as debt collectors under FDCPA is not automatically dispositive of the consumer debt issue because the evidence does not show that defendants exclusively collect consumer debts. Thus, the nature of Portfolio's collection business is disputed. SHA also argues that since the collections letter identified the amount owed on the 7779 Account as a "debt," it should be considered a consumer debt under FDCPA. This argument also fails because a debt collector should not be faulted for erring on the side of caution and including standard language. *See generally, Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 386 n.3 (7th Cir. 2010)("The letter bore a disclaimer identifying it as an attempt to collect a debt, but this does not automatically trigger the protections of the FDCPA, just as the absence of such language does not have dispositive significance."). No language in the FDCPA or controlling case law supports the proposition that the means of collecting a debt defines the nature of that debt. *Isaacson v. SABA Commer. Servs. Corp.*, 636 F. Supp. 2d 722, 725 (N.D. Ill. 2009)(Gettleman, J.). Whether an underlying transaction is primarily for personal, family, or household purposes is a fact-

driven inquiry and the record lacks the facts to resolve this element. This Court therefore denies SHA's motion for summary judgment in his favor.

Even if there is evidence of an FDCPA violation, a debt collector may still escape liability if it can demonstrate by "a preponderance of evidence that the violation was not intentional and resulted from a *bona fide error* notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C.S. § 1692k(c). To qualify, Defendants must show that 1) the FDCPA violation was done unintentionally, 2) the violation resulted from bona fide error, and 3) the defendants maintained procedures reasonably adapted to avoid such error. *Kort v. Diversified Collection Servs.*, 394 F.3d 530, 537 (7th Cir. 2005). A defendant can only invoke the *bona fide error* defense if it claims it made an error of fact, not an error of law. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604-05, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010).

The underlying error here is defendants sought collection against the Debtor and served the collections complaint at an address where another person bearing the same name (including middle initial) lived. The undisputed evidence shows that defendants obtained the Aurora, Illinois address in connection with Debtor several times from various sources and made several attempts to verify the proper address by calling and sending collections letters. The letters sent to Debtor at the Aurora, Illinois address were not returned as undeliverable and no one contacted defendants about not being the debtor until after the suit was filed. The evidence shows that Defendants reasonably believed the Debtor likely lived there and unintentionally violated FDCPA when sent the summons to that address in good faith. The first two elements are satisfied.

Defendants also offered evidence of specific and regimented procedures in place to avoid suing and serving someone at an incorrect address. This included making calls, sending letters, and conducting reviews of the accounts prior to litigation. These measures have the specificity contemplated to satisfy the third element of the *bona fide error* test, *see Leeb v. Nationwide Credit Corp.*,

7

806 F.3d 895 (7th Cir. 2015). However, the fact that another "Syed H. Ali" lived at the same address associated with the Debtor raises a triable issue about whether the protocols in place were sufficiently construed to avoid incorrect service. Accordingly, there is an issue of fact on this defense and so, the Court denies Portfolio's motion for summary judgment as to the FDCPA claims under Section 1692e in Count VI. *See Paz v. Portfolio Recovery Assocs., LLC*, No. 14 CV 9751, 2016 U.S. Dist. LEXIS 84878, at *7 (N.D. Ill. June 30, 2016)(Alonso, J.)(finding that the district court correctly concluded that there was sufficient evidence to raise a triable issue on the third element, and it appropriately denied both parties' motions for summary judgment when the issue of whether the liability shield applies has yet to be determined).

    B. *Section 1692d*

Defendants also move for summary judgment as to the Section 1692d claims because the law and evidence do not support a finding that the conduct in question is an actual violation of the FDCPA. Section 1692d prohibits a debt collector from engaging in any collection conduct that has the natural consequence of harassing, oppressing, or abusing a person. The provision expressly prohibits the use of threat or criminal means to harm a person physically or reputationally; the use of obscene language; publishing the name of consumers who refuse to pay debts; advertising sale of debts to coerce payment; placing repeated phone calls to the consumer; and placing calls without discloser of the caller's identity. 15 U.S.C. § 1692d. The filing of a single debt-collection suit in good faith, even without proving the debt, is not considered an act amounting to the behavior that courts find violates Section 1692d. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330-31 (6th Cir. 2006); *Johnson v. LVNV Funding*, No. 13-C-1191, 2016 U.S. Dist. LEXIS 19651, at *27 (E.D. Wis. Feb. 18, 2016). Here, there is no evidence that Defendants engaged in behavior that was harassing or abusive and a single law suit is not enough to be considered a violation. Accordingly, Defendants' motion for summary judgment is granted as to the 1692d allegations of Count VI.

*C. Section 1692f*

Defendants move for summary judgment on SHA's Section 1692f claims because Defendants did not file the lawsuit against SHA. Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," which includes collecting amounts not expressly authorized by the agreement creating the debt. 15 U.S.C. § 1692f-f(1).

This Court finds that the dearth of evidence showing that the lawsuit was filed with a nefarious intent, as discussed above, and Defendants' consistent position that they were lawfully pursuing collections against the Debtor, not SHA, supports that the 7779 State Action was not being used as an unfair or unconscionable means of collecting the 7779 Account debt. *Juarez v. Portfolio Recovery Assocs., LLC*, No. 14 C 5928, 2015 U.S. Dist. LEXIS 105746, at *8 (N.D. Ill. Aug. 12, 2015)(Zagel, J.)("A debt collector that files suit expecting in good faith to prove its claim, even if he does not ultimately prevail, will not be liable under the FDCPA."). Consequently, defendants' motion for summary judgment as to the Section 1692f claims in Count VI is granted.

*2. Count VIII*

Portfolio and Egan contend that they are entitled to summary judgment as to Count VIII because the alleged misrepresentations in this claim were made during a conversation between two attorneys where there is no risk of the consumer deception that the FDCPA is intended to protect against.

Here, Egan denies that he ever accused Syed Asad Ali of opening the 7779 Account in his son's name; however, the other party to the conversation, SHAs' attorney, testified that Egan accused Plaintiff Syed Asad Ali of fraud. Since the substance of the conversation at the core of the claim is disputed, summary judgment is not appropriate. Resolving this matter would require this Court to make a determination about credibility, which is a task best reserved for a jury. *Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003)(finding it to be "dangerous territory" for a court to weigh

9

conflicting evidence during summary judgment). Accordingly, defendant's motion as to Count VIII is denied.

*3. Count VII*

Both parties move for summary judgment as to Count VII's ICAA claim. Section 9(a) of the ICAA provides that the Department of Financial and Professional Regulation may take action against collection agencies for certain violations of ICAA, to include "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist"; "misrepresenting the amount of the debt alleged to be owed"; representing that a debt may be increased by the addition of fees that cannot be added to the debt legally; attempting to collect unauthorized interest or fees in excess of the debt; and "engaging in dishonorable unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public." 225 ILCS 425/9(a)(24), (30), (31), (33), and (35).

This Court is obligated to address jurisdictional matters first. *See* Fed. R. Civ. P. 12(h)(3). SHA cites *Sherman* as authority for his implied right of private action. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E. 2d 154 (1st Dist. 1979). Since *Sherman* was decided nearly 40 years ago this district and even Illinois state courts have been split on whether to follow it. *Eul v. Transworld Sys.*, 2017 U.S. Dist. LEXIS 47505, 2017 WL 1178537, at *17 (N.D. Ill. Mar. 30, 2017)(Castillo, J.)("[N]o Illinois appellate decision before or since [*Sherman*] has found, applied, or even mentioned an implied private right of action under § 9—or, so far as this Court's research reveals, any other provision of the ICAA."). Even examining the statute on its face, it expressly reserved the authority to discipline collections agencies to the Department and is silent about any consumer rights of action. *Rewak v. Erin Capital Mgmt., LLC*, No. 11 CH 28506 (Ill. Cir. Ct. May 25, 2012) (finding no private right of action under the ICAA, explaining that "the structure of the ICAA indicates that the legislature did not intend to imply a private right of action"). If the legislature intended for there to

be an implied right of action, it would have written it into the law itself, especially considering the lapse in time since *Sherman* was decided, implying this right. *Harris v. Investment Retrievers, Inc.*, No. 12 CH 2141 (Ill. Cir. Ct. Aug. 6, 2012)(declining to find a private right of action under § 9 of the ICAA notwithstanding Sherman, explaining that "the continuing viability of Sherman is questionable given subsequent legislative enactments to the ICAA and subsequent decisions of the Illinois Supreme Court").

Accordingly, this Court declines to find that Section 9 creates a private right of action. *See also, e.g. Garcia v. Miramed Revenue Grp., LLC*, 2018 U.S. Dist. LEXIS 17818, 2018 WL 701283, at *2 (N.D. Ill. Jan. 30, 2018)(Der-Yeghianyan, J.)(declining to recognize a private cause of action under the ICAA); *Skinner*, 2018 U.S. Dist. LEXIS 2812, at *6 (concluding that "the Illinois Supreme Court would not find an implied right of action under § 9 of the ICAA"); *Keys v. Collection Prof'ls, Inc.*, No. 16 C 8452, 2018 U.S. Dist. LEXIS 48803, at *25 (N.D. Ill. Mar. 25, 2018)(Kendall, J.). SHA's motion for summary judgment as to Count VII is denied, and the claim is dismissed for lack of jurisdiction *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3).

**Conclusion**

Based on the foregoing, this Court denies SHA's motion for summary judgment as to his FDCPA claims, Counts VI and VIII. Defendants' motion for summary judgment is granted as to Count VI 1692d and 1692f and denied as to Count VI 1692e and Count VIII. Count VII is dismissed, *sua sponte,* pursuant to Federal Rule of Civil Procedure 12(h)(3).

IT IS SO ORDERED.

ENTERED: SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: September 30, 2018