UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYED A. ALI, ) | |
| ) | |
| PLAINTIFF, ) | Case no.: 15-cv-06178 |
| ) | |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC ) | Judge Sharon Johnson Coleman |
| and BLITT & GAINES, P.C. ) | Magistrate Judge Mary M. Rowland |
| and FREEDMAN ANSELMO LINDBERG, LLC ) | |
| n/k/a ANSELMO LINDBERG OLIVER, LLC ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT FREEDMAN ANSELMO LINDBERG, LLC'S BILL OF COSTS**

Plaintiff, by and through counsel, respectfully requests that this Honorable Court exercise its discretion under Fed. R. Civ. P. 54(d) and 28 U.S. Code § 1920 and strike certain portions of the Bill of Costs (Dkt. # 255) submitted by Defendant Freedman Anselmo Lindberg, LLC ("FAL" or "Defendant").

**Introduction**

On October 9, 2018, FAL filed a bill of costs seeking $3,561.87 in costs from Plaintiff. (Dkt. #255). While Plaintiff does not object to all costs that Defendant is seeking, several of Defendant's requests are unnecessary, excessive or otherwise unsupported by evidence and should be stricken.[1]

Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

---

[1] Plaintiff intends to appeal the Court's decision granting summary judgment in favor of FAL. In responding to the Bill of Costs Plaintiff does not waive, and expressly reserves, any and all right to challenge the Court's determination of FAL's liability in this, and to seek vacature and reversal of any award of costs to FAL should Plaintiff's appeal result in the reversal of all or any portion of the Court's order and judgment in FAL's favor.

1

party." The determination of whether costs should be awarded remains within the discretion of the district court. *O.K. Sand & Gravel, Inc. v. Martin Marietta Techs., Inc.*, 36 F.3d 565, 571 (7th Cir. 1994). The initial burden is on Defendant to demonstrate that the costs were necessary and reasonable. *Trustees of the Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

**1. Transcripts**

A. FAL seeks reimbursement of $139.15 for "Transcript of digital proceedings before the Hon. Sidney I Schenkier", taken on May 15, 2016 and May 31, 2016. This transcript consists of 23 pages that FAL paid the daily rate of $ 6.05 per page, rather than the ordinary price of $3.65 per page. FAL has provided no evidence that the transcript was so urgent that paying the daily rate was necessary and does not even describe what the hearing was specifically for. It is also unclear why FAL needed this transcript in the first place. Costs for an expedited transcript are allowable at a rate of $4.85 per page for seven-day transcripts or $6.05 per page for daily transcripts, (N.D. Ill. Gen. Order 12-0003), if they are "reasonably necessary," *Fletcher v. Chicago Rail Link, LLC*, 2007 WL 4557816, at *3 (N.D. Ill. 2007). It is unclear specifically what purpose FAL sought the transcript of this hearing for and it does not appear to be necessary, and thus not taxable. As a result, Plaintiff respectfully requests that the request for $139.15 associated with this transcript be stricken. In the alternative, Plaintiff respectfully requests that the charge be reduced to what FAL would pay for the ordinary rate and reduce the bill of costs by $55.20.

B. FAL seeks $763.70 for the transcript of the Syed A. Ali deposition. While Plaintiff does not object to $682.50 for the certified transcript, Plaintiff requests that the charge of $81.20 be stricken, since it is for exhibits, which should not be compensable.

C. $4.90 for exhibits to the Yasmeen Ali deposition should be stricken. Copies for exhibits that are already in the possession of a party are not "necessarily obtained" for the purposes of transcript costs and are thus not compensable. *See, e.g., Thayer v. Chiczewski*, No. 07 CV 1290, 2010 WL 3087447, at *9 (N.D. Ill. Aug. 4, 2010)

D. The $35 charge for the "electronic transcript" and $4.95 charge for Exhibits for the Barbara Nilsen deposition should be stricken, as they are extraneous to the transcript. While the actual transcript costs may be taxed, "[a]dditional costs for disks, manuscripts, word indexes, extra copies, or delivery/shipping charges are not generally recoverable." *Telular Corp. v. Mentor Graphics Corp.*, 2006 U.S. Dist. LEXIS 4484, at *10 (N.D. Ill. 2006*)*.

E. The Mark Anderson deposition included 657 pages of exhibits, as well as the certified transcript, for a total cost of $625.25. Because it is not clear what portion of the total cost of the transcripts was for exhibits and what was for the actual certified transcript, Plaintiffs request the total $625.25 be stricken.

Because certain portions of Defendant's transcript costs were unnecessary, Plaintiff requests that the following costs be stricken:

| | |
|---|---|
| Transcript for Report of Proceedings before Judge Schenkier on 5/15/16 and 5/31/16 | $139.15 |
| Exhibit costs for Syed A. Ali Deposition | $81.20 |
| Exhibit Costs for Yasmeen Ali deposition | $4.95 |
| Extraneous charges for Barbara Nilsen Deposition | $39.95 |
| Mark Anderson deposition | $625.25 |
| **Total Reduction** | **$890.50** |

Wherefore, Plaintiffs respectfully requests that the above costs be stricken and disallowed from Defendant's Bill of Costs, and for any other relief that this Honorable Court deems just.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*

Bryan Paul Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

Daniel Brown (ARDC # 6299184)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
Ph: (773) 453-7410
Fx: (773) 453-6420
daniel@mainstreetattorney.com

## **CERTIFICATE OF SERVICE**

I, Bryan Paul Thompson, an attorney, hereby certify that on Friday, February 8, 2019, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF electronic filing system, which sent notice via email to all counsel of record in the above captioned case.

    Respectfully Submitted,

    By: *Bryan Paul Thompson*