# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SYED A. ALI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:15-cv-06178 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and BLITT & GAINES, P.C., and FREEDMAN ANSELMO LINDBERG, LLC n/k/a ANSELMO LINDBERG OLIVER, LLC, | ) ) ) ) ) ) ) | Judge Sharon Johnson Coleman<br><br>Magistrate Judge Daniel G. Martin |
| Defendants. | ) ) | |
| YASMEEN ALI, as natural parent and best friend of SHA, a minor, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case no: 15-cv-11582 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and SANJAY S. JUTLA, and KEVIN J. EGAN, | ) ) ) ) | |
| Defendants, | ) | |
| SYED A. ALI, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-cv-03872 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and KEVIN J. EGAN, | ) ) ) ) | |
| Defendants, | ) ) ) | |

| | |
|---|---|
| SYED A. ALI )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, )<br>LLC )<br>)<br>)<br>Defendants, )<br>)<br>) | Case No. 1:16-cv-01581 |

**DEFENDANT FREEDMAN ANSELMO LINDBERG, LLC N/K/A ANSELMO LINDBERG OLIVER, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF BILL OF COSTS**

Defendant, FREEDMAN ANSELMO LINDBERG, LLC n/k/a ANSELMO LINDBERG OLIVER, LLC ("Defendant"), by and through its attorneys, David M. Schultz, Justin M. Penn, and Joseph D. Kern of Hinshaw & Culbertson LLP, submits this reply in further support of its motion for entry of bill of costs.

**INTRODUCTION**

On October 9, 2018, Defendant, the prevailing party in this matter, filed a bill of costs seeking $3,561.87 in costs. *See* Dkt. 255. Plaintiff concedes Defendant is entitled to $2,671.37 of the $3,561.87. *See* Dkt. 282. Plaintiff objects to the remaining $890.50. *Id*.

Plaintiff first objects to costs in the amount of $139.15 that Defendant paid for court transcripts from two hearings before Honorable Sidney I. Schenkier.[1] Plaintiff claims Defendant had no reason to order these transcripts. Plaintiff is wrong. As explained below, Defendant needed these transcripts to respond to a motion Plaintiff chose to file rather than make any

---

[1] While this is a consolidated action with multiple plaintiffs, only one plaintiff, Syed A. Ali, brought claims against Defendant.

2

attempt to "meet and confer" to clear up the confusion that was at issue. A simple phone call could have avoided theses costs.

Defendant next objects to costs in the amount of $751.35 that Defendant incurred to obtain deposition exhibits that were included with necessary deposition transcripts. Plaintiff concedes (as he must) that the rules allow Defendant to recover costs for the transcripts themselves, but objects solely on the basis that rules do not allow a party to recover costs incurred to obtain deposition exhibits. Plaintiff is wrong again, and courts in this district routinely award costs for deposition exhibits.

## ARGUMENT

### A. A Phone Call by Plaintiff's Counsel Could Have Avoided the Need for Defendant to Order the Court Transcripts at Issue.

Defendant seeks to recover $139.15 in costs it incurred for having to obtain transcripts of court proceedings on May 15, 2016 and May 31, 2016 before Judge Shenkier. Plaintiff objects to this request on the basis that "[i]t is unclear specifically what purpose [Defendant] sought" these transcripts. *See* Dkt. 282 at 2. But, it was Plaintiff's own conduct (or lack thereof) that resulted in Defendant needing these transcripts. Plaintiff's counsel's choice to engage in unnecessary motion practice rather than make any attempt to "meet and confer" is the basis for this request. Plaintiff cannot now object to the cost of those transcripts.

By way of background, on April 25, 2016, the Court entered an order consolidating case numbers 15-cv-11582, 16-cv-01581, and 16-cv-3872 into the instant case. *See* Dkt. 66. Prior to the consolidation order, Defendant timely answered Plaintiff's then operative complaint, which was twenty-six pages, on November 30, 2015. *See* Dkt. 39. After the Court reassigned the above cases and consolidated them into this case, the Court provided the plaintiffs an opportunity to file an amended consolidated complaint. The parties discussed the potential filing of a

3

consolidated complaint before Judge Schenkier on May 12, 2016. *See* Dkt. 108 at 2-3 (May 12, 2016 Transcript). As of that date, the consolidated complaint had not been filed. *Id*. It was the parties' and Judge Shenkier's understanding that any consolidated complaint (if filed) would not add new allegations or claims but merely act to consolidate all matters into a single complaint. *Id*. Judge Schenkier then asked Defendant's counsel if Defendant intended to amend its answer upon the filing of a consolidated complaint. *Id*. Based upon the understanding that any consolidated complaint would not add new allegations or claims, but only act to consolidate the already pending allegations and claims, Defendant's counsel indicated that she did not anticipate needing to amend Defendant's answer. *Id*.

The plaintiffs eventually filed a consolidated complaint on May 18, 2016, which was more than double in length at fifty-seven pages than the earlier complaint Defendant already answered which was twenty-six pages. *See* Dkt. 74. Due to the parties' prior discussions before Judge Schenkier, and due to the confusion created regarding the above consolidation of cases and filing of a consolidated complaint, Defendant did not amend its answer in response to the consolidated complaint. Rather than call Defendant's counsel to attempt to clear up any confusion or make any attempt to "meet and confer" on the issue, Plaintiff's counsel unilaterally chose to file motions seeking to default two of the defendants.[2] *See* Dkt. 91 and 92. Plaintiff's counsel filed the motions on October 6, 2016 and noticed them for hearing on October 12, 2016. *See* Dkt. 94.

The above events and timeline of those events resulted in Defendant having to order the transcripts for May 12, 2016 and May 31, 2016 hearings before Judge Schenkier. Defendant needed these transcripts to respond to Plaintiff's motion, and they had to be expedited in order to

---

[2] Discovery was set to close on November 9, 2016. As such, Plaintiff may have filed the motion to provide some sort of basis to justify a discovery extension.

4

prepare for the October 12, 2016 hearing. In particular, Defendant needed the transcripts to confirm its recollection and explain to the Court what transpired at those hearings and whether or not Defendant needed to file an amended answer upon the filing of a consolidated complaint. Defendant also needed to order the transcripts on an expedited basis due to the fact that Plaintiff's counsel set the motion for default for hearing only three business days after he filed it. Put simply, Defendant needed the transcripts on an expedited basis to avoid a default, which would have substantially prejudiced its ability to defend against Plaintiff's claims.

For the above reasons, the Court should reject Defendant's objection to the $139.15 and award those costs to Defendant. At a minimum, the Court should award $83.95, which would have been the cost of ordering the transcripts on a non-expedited basis. *See* Dkt. 282 at 2.

**B.  Courts Routinely Award Costs for Deposition Exhibits**

Defendant concedes that, as a general rule, costs incurred to obtain depositions transcripts are recoverable. *See* Dkt. 282. Thus, he does not object to Defendant's request that the Court award costs associated with the deposition transcripts themselves. *Id*. Instead, Plaintiff objects to $751.35 in costs he alleges Defendant incurred to obtain exhibits attached to certain deposition transcripts. *Id*. Plaintiff claims that costs associated with deposition exhibits are not recoverable. *Id*. Plaintiff is dead wrong.

Not surprisingly, Courts in this district routinely award prevailing parties costs for deposition exhibits. S*ee Harkins v. Riverboat Servs., Inc.*, 286 F.Supp.2d 976, 980 (N.D. Ill. 2003) (awarding costs for deposition exhibits); *AMC v. Intercontinental*, 2010 U.S. Dist. LEXIS 121196, *4 (N.D. Ill. 2010) (awarding costs for deposition exhibits). These decisions are consistent with Rule 54(d)(1) and Local Rule. 54.1(b), which expressly allow a prevailing party to recover costs incurred in "obtaining all or any part of a transcript for use in a case . . ." L.R.

5

54.1(b); *see also* Fed. R. Civ. Pro. 54(d)(1). This includes costs for deposition exhibits. *See Harkins*, 286 F.Supp.2d at 980; *AMC*, 2010 U.S. Dist. LEXIS 121196 at 4. The reasoning behind awarding these costs is sound. The costs associated with the time in re-assembling and re-gathering copies of exhibits, coupled with the risks of assembling inaccurate copies, is avoided. This conclusion is especially true now, where transcripts (and the corresponding exhibits) are delivered electronically.

Here, all of the deposition transcripts and related exhibits now at issue were essential to Defendant's defense of this case. In particular, these transcripts and exhibits were critical to Defendant in preparing its motion for summary judgment and responding to Plaintiff's cross-motion for summary judgment. Under the circumstances, the rules expressly allow Defendant to recover such costs. *See Harkins*, 286 F.Supp.2d at 980; *AMC*, 2010 U.S. Dist. LEXIS 121196 at 4.

## **CONCLUSION**

For the above reasons, Defendant respectfully requests that the Court award Defendant costs in the amount of $3,561.87 as requested in its bill of costs filed on October 9, 2018. *See* Dkt. 255.

        Respectfully submitted,

        FREEDMAN ANSELMO LINDBERG, LLC
        N/K/A ANSELMO LINDBERG OLIVER, LLC

        */s/ Joseph D. Kern*
        Joseph D. kern

David M. Schultz
Justin M. Penn
Joseph D. Kern
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
jpenn@hinshawlaw.com
jkern@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

      I, Joseph D. Kern, an attorney, certify that on February 15, 2019, caused to be served a copy of the foregoing **DEFENDANT FREEDMAN ANSELMO LINDBERG, LLC N/K/A ANSELMO LINDBERG OLIVER, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF BILL OF COSTS** by: depositing same in the U.S. Mail box at 151 North Franklin Street, Chicago, Illinois 60606, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile transmitted from (312) 704-3001; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

☒ ECF
☐ Facsimile
☐ UPS
☐ U.S. Mail
☐ E-Mail
☐ Messenger Delivery

To: All Parties of Record

                                        */s/ Joseph D. Kern*
                                        Joseph D. Kern

303247537v1 0978224