UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYED A. ALI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-6178 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, et al. ) | |
| ) | |
| Defendants. ) | |

### ORDER

Defendant, Freedman Anselmo Lindberg, LLC n/k/a Ansemo Lindberg Oliver, LLC's ("Defendant") motion for entry of bill of costs [274] is granted in part and denied in part.

### STATEMENT

On September 30, 2018, this Court granted the defendant's motion for summary judgment against Syed Ali's complaint in its entirety. Defendant has filed a motion for bill of costs in the amount of $3,661.87. Plaintiff objects to $890.50 of those costs.

Unless a federal statute or court order states otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1); *Hakim v. Accenture U.S. Pension Plan*, 901 F. Supp. 2d 1045, 1049 (N.D. Ill. 2012) (Dow, J.). Courts have discretion in awarding costs to the prevailing party. *See Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

*Transcripts*

Defendant seeks $139.15 for the costs of the transcripts of two hearings that were conducted before Magistrate Judge Schenkier. Plaintiff argues that the defendant has not shown why

these transcripts were necessary, or why it paid the $6.05 per page rate, rather than the normal rate of $3.65 per page.

In response, defendant asserts that it ordered the transcripts to prepare for an October 12, 2016 hearing on plaintiff's motion for default which was filed on October 6, 2016. Defendant argues that there was understanding, as documented at the May 12 and May 31, 2016 hearings before Judge Schenkier, that after plaintiff filed an amended consolidated complaint, defendant would not have to file an amended answer. When the plaintiff filed a motion for default, defendant argues, the transcripts were needed to confirm counsel's recollection from the May 12 and May 31, 2016 hearings which provided the reason defendant did not file an amended answer. Defendant further states that it needed to order the transcripts on an expedited basis because the hearing on the motion to default was noticed three business days later.

The Court finds that the transcripts were necessary to support defendant's argument as to why it did not file a response to the plaintiff's amended complaint. At the hearing on plaintiff's motion for default before this Court, defendant was allowed to file its answer to the amended consolidated complaint and the motions for default were stricken as moot. Dkt.104. Accordingly, the Court finds that the transcripts were necessary under the circumstance. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (stating that when awarding costs, courts must ask "whether the cost imposed on the losing party is recoverable" and "if so, whether the amount assessed for that item was reasonable."). However, Local Rule 54.1(b) states "the costs of the transcript . . . shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript . . . was filed.". N.D. Ill. L.R. 54.1(b) The parties do not dispute that the normal rate was $3.65 per page. As such, the Court will reduce the award to $83.95 for the transcripts.

*Deposition Exhibits*

Defendant seeks $763.70 for the transcript related to the Syed A. Ali's deposition. Plaintiff objects to the costs of the exhibits related to Ali's deposition in the amount of $81.20. Plaintiff also objects to the $4.90 charge for exhibits to related to Yasmeen Ali's deposition; $35 charge for an electronic transcript; and $4.95 for the exhibits of Barbara Nilsen's deposition. Finally, plaintiff objects to the entirety of the deposition costs of $625.25 for Mark Anderson's deposition because defendant does not distinguish the costs for the certified transcript from the exhibits which were 657 pages.

The Court finds that the exhibits to the deposition were necessary for preparation of the cross motions for summary judgment but will not award costs the $35 for the additional electronic transcript. Therefore, the Court awards costs in the amount of $3,471.67.

IT IS SO ORDERED.

Date: 7/26/2019

Entered: _____

SHARON JOHNSON COLEMAN
United States District Court Judge